**E-filed 5/10/06**

JACK B. McCOWAN, JR. (SBN: 62056)
LINDA L. NUSSER (SBN: 132154)
CHARLES E. WILSON (SBN: 225625)
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

MICHAEL L. O'DONNELL, *Pro Hac Vice*
CRAIG R. MAY, *Pro Hac Vice*
WHEELER TRIGG KENNEDY LLP
1801 California Street, Suite 3600
Denver, CO 80202
Telephone: (303) 292-2525

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| EDWARD V. BYRNS, individually, and as Executor of the ESTATE OF LUCILLE G. BYRNS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ENDOVASCULAR TECHNOLOGIES, INC., and GUIDANT CORP.,<br><br>　　　　Defendants. | CASE NO. 5:03-cv-05494 JF/PVT<br><br>***AMENDED* JOINT CASE MANAGEMENT CONFERENCE STATEMENT, REQUEST FOR CONTINUED CASE MANAGEMENT CONFERENCE, AND *AMENDED* (~~PROPOSED~~) ORDER**<br><br>Date:　　　　May 5, 2006<br>Time:　　　　10:30 a.m.<br>Courtroom:　3<br>Judge:　　　Hon. Jeremy Fogel<br><br>Complaint Filed:　December 5, 2003<br>Trial Date:　　　　November 3, 2006 |

　　　The parties to the above-captioned action jointly submit this *Amended* Case Management Conference Statement, Request for Continued Case Management Conference, and Proposed *Amended* Order, pursuant to Civil Local Rule 16-9(a), and respectfully request the Court to adopt it as its Case Management Order in this case.

///

-1-

*AMENDED* JOINT CASE MANAGEMENT CONFERENCE STATEMENT, REQUEST FOR CONTINUED CASE MANAGEMENT CONFERENCE, AND *AMENDED* (PROPOSED) ORDER / CASE NO. 5:03-CV-05494 JF/JVT

## I. DESCRIPTION OF THE CASE

**1. through 8.** For items 1. through 8., the parties incorporate by reference those sections of the Joint Case Management Conference Statements and Proposed Orders previously filed in this action.

## II. ALTERNATIVE DISPUTE RESOLUTION

**9.** The parties participated in a mediation of this case on September 14, 2004 with a JAMS mediator. The parties, through counsel, continue to discuss settlement possibilities.

## III. DISCLOSURES

**10. Disclosures.**

The parties met and conferred regarding disclosures, Rule 26 issues and Local Rule 16 issues on April 27, 2004, and the meet and confer process was completed in this matter. The parties exchanged Rule 26(a) disclosures on or about May 10, 2004.

## IV. DISCOVERY

**11. Discovery Plan.**

**(a)  Fact Discovery and Merits Discovery**

Fact discovery closed for most purposes on December 16, 2005. Pursuant to the parties' December 21, 2005 Stipulation, the Court continued the deadline for fact discovery until January 15, 2006 for the limited purpose of: 1) conducting fact depositions (including the depositions of three former Guidant employees, which the parties stipulated could even be taken after January 15, 2006); 2) contention interrogatories to identify claims or defenses still asserted; 3) requests for admissions to authenticate documents; 4) subpoena of documents from non-parties. Plaintiffs also have asserted the right to seek the deposition of Ronald Dollens, former CEO of Guidant. Defendants oppose such a deposition. The parties agreed that, in any event, the motion would not be ripe to file until after the conclusion of the depositions of the three former Guidant executives.

Pursuant to the parties' January 25, 2006, amended stipulation, the Court granted the parties an extension of time to file any fact discovery-related motions up to February 24, 2006. On February 24, 2006, Plaintiffs filed a motion to compel additional depositions and to

de-designate confidential documents. On February 24, 2006, Defendants filed a motion for leave to re-open a deposition and to compel the mental health records of decedent. Prior to the hearing on the motions, the parties reached an agreement on all matters except for the production of the mental health records. The parties agreed to continue meeting and conferring on the de-designation of documents that Plaintiffs contend should not be designated as confidential. Magistrate Judge Patricia V. Trumbull held a hearing on April 4, 2006, and issued an Order requiring production of certain medical records in camera and summarizing the parties' agreements. Consequently, due to the parties' agreement and Judge Trumbull's Order, the parties anticipate that the following fact discovery may remain to be completed as of the date of the Case Management Conference:

- Plaintiffs' written responses to interrogatories served by mail on April 6, 2006, which relate to any communications with decedent's treating doctor;
- Completion of the depositions of Defendants' former employees Brad Cole, Richard Rush and Keith Krohn;
- Plaintiffs' motion for leave to depose Ronald Dollens to be filed;
- Production of decedent's mental health records by Plaintiffs' counsel to Judge Trumbull for *in camera* inspection no later than June 5, 2006 (pursuant to a stipulation and joint motion to modify the date from May 5, 2006, which is being efiled with the Court today for Judge Trumbull's signature);
- The parties' stipulated meet and confer efforts to re-designate only those documents or types of documents which should be deemed confidential;
- Formal response by the United States Attorney for the Northern District of California to Plaintiffs' subpoena for the production, inspection and copying of certain documents related the government's investigation of Guidant. The date of production was originally set for December 22, 2005. On December 6, 2005, the United States Attorney's Office and Defendants' separately served objections to the Subpoena. The parties have entered into several stipulations extending the time for the United States Attorney's Office to review its documents and formally respond

and for the parties to file any motions as a result. Most recently, the parties' counsel stipulated to extend the time for filing motions relating to the Subpoena to May 15, 2006, which was granted by Judge Fogel on March 20, 2006. The United States Attorney's Office recently completed its review and indexing of potentially responsive documents. The index of documents with the United States Attorney's proposed objections has been provided to Defendants' counsel for their review and further identification of any defense objections. Once completed, the parties' counsel will be in a position to discuss these documents and meet and confer regarding whether any privileges apply and/or motions to compel or for a protective order must be filed.

**(b)     Expert Discovery**

Pursuant to the Court's most recent order continuing the trial and all pretrial dates, Plaintiffs' expert disclosure deadline was April 7, 2006. Plaintiffs disclosed expert reports on that date. Defendants' experts' disclosures are to be served upon Plaintiffs no later than May 26, 2006. Due to the large number of Plaintiffs' experts and challenges scheduling those depositions, the parties have stipulated to extend Defendant's expert disclosure deadline to June 15, 2006. Expert depositions are to be concluded by no later than July 7, 2006.

**(c)     Dispositive Motions**

All dispositive motions, including any *Daubert* motions, shall be served and filed with the Court no later than July 24, 2006.

### V.     TRIAL SCHEDULE

The Pretrial Conference is set for October 20, 2006, and the trial is set for November 3, 2006. The parties' counsel request that the Court confirm the following pretrial deadlines set forth in the Court's Standing Orders re Pretrial Preparation:

- **September 29, 2006 [at least 20 days before the Pretrial Conference]**
  Lead counsel must meet and confer regarding:
  1) The Joint Pretrial Conference Statement;
  2) Preparation, exchange and lodgment of pretrial materials in the Court's Standing Pretrial Order; and,
  3) Settlement.

-4-

- **October 5, 2006 [no less than 10 court days before the Pretrial Conference]**
  The parties must file a joint pretrial conference statement which contains[1]:

  1) A brief description of the substance of the issues that remain to be decided;
  2) A detailed statement of all relief sought;
  3) Information regarding disputed and undisputed facts;
  4) An agreed statement;
  5) Stipulations requested or proposed;
  6) A concise statement of disputed points of law;
  7) Proposed conclusions of law (if case is not a jury trial);
  8) A list of all trial witnesses;
  9) A list of all exhibits, schedules and summaries and objections thereto;
  10) Estimated trial time;
  11) A statement as to any intended use of excerpts from discovery responses;
  12) A summary of settlement discussions and whether further discussions would be productive;
  13) A statement regarding whether the parties consent to trial before a magistrate;
  14) A statement of request or proposed amendments to pleadings; and,
  15) Any miscellaneous items.

- **No later than October 13, 2006 [no less than seven days before pretrial conference].**

  A statement of all remaining discovery or any motions *in limine* shall be filed.

- **No later than October 20, 2006 [on or before the Pretrial Conference].**

  Three sets of premarked, joint exhibits numbered consecutively must be delivered to the clerk of Department 3.

- **No later than October 25, 2006 [seven court days prior to trial].**

  If a jury trial, proposed jury instructions, jury questionnaire and voir dire questions must be submitted to the Court[2].

The parties request that the Court confirm the above-referenced due dates and advise the parties of any additional pretrial due dates or deadlines.

Given the above, the parties' counsel have stipulated to and request that the Court grant

---

[1] A detailed description of the information required in the Joint Pretrial Conference Statement is set forth in the Court's Standing Order Re Pretrial Preparation. Consequently, these lists merely summarize, for purposes of clarification with the Court, the required topics and pretrial due dates.

[2] The parties' counsel request that the Court advise them of any preferences for jury instruction format in diversity cases and whether CACI or BAJI is preferred.

-5-

the following orders:

- The parties request that any motions relating Plaintiffs' subpoena to the United States Attorney's Office be extended from the current due date of no later than May 15, 2006, (which was granted by Judge Fogel on March 20, 2006) to a new due date of no later than June 5, 2006;
- The parties request that Defendant's disclosure of experts be extended from the current due date of May 26, 2006, to June 15, 2006;
- The parties request that the current Case Management Conference of May 5, 2006, be continued to July 7, 2006 (currently this is the date reserved for a hearing on Defendants' motion for summary judgment on the statute of limitations); and,
- The parties request that the Court confirm all of the pretrial deadlines set forth above under the section entitled, "Trial Schedule."

Dated: May 4, 2006
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

By: /s/
WENDY R. FLEISHMAN
Attorneys for Plaintiffs

Dated: May 4, 2006
GORDON & REES LLP

By: /s/
LINDA L. NUSSER
Attorneys for Defendants

## *AMENDED* CASE MANAGEMENT ORDER

The *Amended* Case Management Conference Statement and *Amended* Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with the Order.

It is further Ordered that the Case Management Conference scheduled for May 5, 2006,

-6-

*AMENDED* JOINT CASE MANAGEMENT CONFERENCE STATEMENT, REQUEST FOR CONTINUED CASE MANAGEMENT CONFERENCE, AND *AMENDED* (PROPOSED) ORDER / CASE NO. 5:03-CV-05494 JF/JVT

-7-

1 | be continued to July 7, 2006.

3 | Dated: May __10__, 2006

_____
HON. JEREMY FOGEL
United States District Court Judge

Gordon & Rees LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111

GUID\1015876\998838.1

-7-

AMENDED JOINT CASE MANAGEMENT CONFERENCE STATEMENT, REQUEST FOR CONTINUED CASE MANAGEMENT CONFERENCE, AND AMENDED (PROPOSED) ORDER / CASE NO. 5:03-CV-05494 JF/JVT